Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7958 | **DATE** | November 14, 2011 |
| **CASE TITLE** | Byron McClain (#2011-0711244) v. Officer T. Bailey, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's application to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $38.06 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, the plaintiff must an amended complaint (plus a judge's copy and service copies), and defendant Dart is dismissed as a defendant. The Clerk is directed to send the plaintiff an amended complaint form and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case. The plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**] Docketing to mail notices.

## STATEMENT

The plaintiff, a prisoner in custody at the Cook County Jail, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff is suing Officer T. Bailey, an officer at the Cook County Jail and Cook County Sheriff Tom Dart, alleging that defendant Bailey interfered with his ability to gain access to the law library on September 23, 2011. The plaintiff's claim against Cook County Sheriff Tom Dart is apparently in his supervisory capacity.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $38.06. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). The complaint on file does not state a cause of action under § 1983. While the plaintiff alleges that defendant Bailey has limited his ability to access the law library, he has not adequately alleged that the limitations on his access to the law library prejudiced any pending or contemplated litigation. Inmates' right of meaningful access to the courts does not encompass an
**(CONTINUED)**

AWL

unfettered right of access to prison law libraries. *See, e.g., Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). Even "highly restrictive" procedures do not violate constitutional mandates if inmates still have meaningful access to the courts. *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th Cir. 1987). An allegation of denial of access to the courts must be more than merely conclusory; a complaint is inadequate if it "offers no specific facts to support these allegations--no court dates missed; no inability to make timely filings; no denial of legal assistance to which he was entitled; and no loss of a case which could have been won." *Lewis v. Casey*, 518 U.S. 343, 351, 135 L. Ed. 2d 606, 116 S. Ct. 2174 (1996). Here, the plaintiff has failed to meet that burden by merely pleading that his progress in pursuing his case was "disrupted".

To the extent that the plaintiff alleges that Officer Bailey forged his signature to prevent him from attending the law library, the plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic v Twombly*, 550 U.S. 544 at 556 (2007). The Court finds that the plaintiff has failed to state a claim for violation of his right to access to the courts because as pled his claim is implausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (the court should "draw on its judicial experience and common sense" when determining if a complaint states a plausible claim for relief). Without more, the plaintiff has not satisfied the pleading requirement of Fed. R. Civ. P. 8(a), and he must amend.

Additionally, there appear to be pages missing from the plaintiff's complaint that are intended to inform the Court as to the plaintiff's litigation history, and identification of the parties. If the plaintiff submits an amended complaint, he must be sure to fill out the entire amended complaint form, or risk dismissal of his case.

Finally, while the plaintiff has named Cook County Tom Dart, he has made no allegation of his personal involvement. The mere fact that defendant Dart holds a supervisory position is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because the plaintiff has failed to state any facts suggesting that defendant Dart was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he has failed to state a claim against him. Consequently, he is dismissed as a defendant

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The Clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, the plaintiff must submit an amended complaint, plus judge's and service copies. The plaintiff should only submit an amended complaint to the extent he can state a valid claim under § 1983. If he submits an amended complaint and the Court finds that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court will dismiss the case with prejudice and issue a strike pursuant to 28 U.S.C. § 1915(g). The Clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.