# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7958 | **DATE** | 1/6/2012 |
| **CASE TITLE** | Byron McClain (#2011-0711244) v. Officer T. Bailey, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. All pending motions are denied as moot.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant Officer T. Bailey has violated his rights by denying him access to the law library. Plaintiff alleges that Defendant Bailey has been unprofessional and has forged his signature on request slips signifying that he had refused to go to the law library. On November 14, 2011, the Court ordered Plaintiff to submit an amended complaint within thirty days. Plaintiff has submitted the amended complaint, as ordered.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the amended complaint fails to state a claim as a matter of law.

Plaintiff alleges that Defendant Bailey has been unprofessional, forged his signature on slips indicating he refused to go to the law library so she could sleep during her workday. He further alleges that because he did not have access to the law library, he was unable to file a motion to vacate the charges brought against him in his state criminal case. Plaintiff finally alleges that because he was unable to file the motion, he lost his criminal case.

Initially, it is unclear from Plaintiff's complaint whether he was represented by counsel in his state criminal case. However, if he was, an inmate's right of access to the courts is generally satisfied if he is represented by counsel. *See, e.g., Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1999); *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988). A criminal defendant who is represented by counsel does not have the right to file his own, pro se submissions. *United States v. Williams*, 495 F.3d 810, 813 (7th Cir. 2007); *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).
**(CONTINUED)**

AWL

**STATEMENT (continued)**

    To the extent that Plaintiff proceeded in his criminal case *pro se*, the Seventh Circuit Court of Appeals has held that a defendant who declines appointed counsel and instead invokes his constitutional right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975), "does not have a right to access to a law library." *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000); *accord United States v. Moya-Gomez*, 860 F.2d 706, 743 (7th Cir. 1988); *United States ex rel. George v. Lane*, 718 F.2d 226, 227 (7th Cir. 1983). "The rule is that [the defendant] has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a law library, do not spring up." *U.S. v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010), *citing Byrd*, 208 F.3d at 593. So under Seventh Circuit case law, Plaintiff is foreclosed from bringing a claim for violation of his access to the courts.

    Additionally, to succeed on a claim of denial of access to the courts, Plaintiff must be able to establish "prejudice suffered because of the defendants' alleged conduct." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (quoting *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)). While Plaintiff has alleged prejudice relating to any limitations Defendant Bailey placed on his access to the law library, he has failed to state a cause of action.

    Plaintiff cannot meet his burden of establishing "prejudice" without showing that his criminal conviction has been reversed. In *Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999), an inmate sued correctional officials for violating his constitutional right of access to the courts, claiming that the defendants had hindered his efforts to litigate a post-conviction petition. The Court of Appeals affirmed the district court's dismissal of the lawsuit on the basis of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which bars suits for damages on any theory that implies the invalidity of a non-reversed conviction. The Court of Appeals held, "In a case such as *Heck*, where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated." *Hoard*, 175 F.3d at 534; *see also Nance v. Vieregge*, 147 F.3d 589 (7th Cir. 1998) ("[t]he holding of *Lewis* [*v. Casey*, 518 U.S. 343, (1996)] that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of *Heck*, means that a prisoner . . . must have the judgment annulled before damages are available"). Plaintiff represents in his amended complaint that he has been convicted of the charges brought against him, which means that he will have to have his conviction overturned before he can pursue damages on any claim for violation of his right to access to the courts.

    For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may accumulate a "strike" pursuant to 28 U.S.C. § 1915(g).